UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RILEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEDLINE INDUSTRIES, INC.,<br><br>　　　　Defendant. | No. 2:18-cv-02626-TLN-EFB<br><br><br>**RELATED CASE ORDER** |
| JUDY PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEDLINE INDUSTRIES, INC.,<br><br>　　　　Defendant. | No. 2:19-cv-00662-TLN-AC |
| CHARLES RILEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEDLINE INDUSTRIES, INC.,<br><br>　　　　Defendant. | No. 2:20-cv-00226-KJM-EFB |

1

Defendant filed a Notice of Related Cases in each of the above-captioned actions on June 16 and 18, 2020. Examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123 (E.D. Cal. 1997). Pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District of California, two actions are related when they involve the same parties and are based on the same or similar claim(s); when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a). Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

Here, two of the three actions are brought by the same Plaintiff, and all three are against the same Defendant. The actions also involve potentially-related employment claims, an identical arbitration agreement, and the same or similar questions of law. Consequently, assignment to the same judge would "effect a substantial savings of judicial effort." L.R. 123(a), *see also* L.R. 123(c).

Relating the cases under Local Rule 123, however, merely has the result that both actions are assigned to the same judge, it does not consolidate the actions. Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned. Should any party wish to consolidate the actions, the appropriate motion or stipulation must be filed.

///
///
///
///
///
///

2

1    IT IS THEREFORE ORDERED that the actions denominated 2:19-cv-00662-TLN-AC
2    and 2:20-cv-00226-KJM-EFB are reassigned to District Judge Troy L. Nunley and Magistrate
3    Judge Edmund F. Brennan, and the captions shall read, respectively, 2:19-cv-00662-TLN-EFB
4    and 2:20-cv-00226-TLN-EFB.  Any dates currently set in the reassigned cases are hereby
5    VACATED, and the parties are ordered to refile any pending motions before this Court.  The stay
6    order previously issued in the *Perez* action remains in effect.  Should the parties wish to obtain a
7    similar stay of dates and deadlines in the second *Riley* action, they may file a stipulation and
8    proposed order for the Court's consideration.

    The Clerk of the Court is to issue the Initial Pretrial Scheduling Order.

    IT IS SO ORDERED.

DATED:  June 23, 2020

                            Troy L. Nunley
                            United States District Judge