MAYALL HURLEY P.C.
ROBERT J. WASSERMAN (SBN: 258538)
rwasserman@mayallaw.com
WILLIAM J. GORHAM (SBN: 151773)
wgorham@mayallaw.com
NICHOLAS J. SCARDIGLI (SBN: 249947)
nscardigli@mayallaw.com
VLADIMIR J. KOZINA (SBN: 284645)
vjkozina@mayallaw.com
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Telephone: (209) 477-3833
Facsimile: (209) 473-4818

Attorneys for Plaintiff Charles Riley and the Putative Class

STEVEN A. GROODE, Bar No. 210500
sgroode@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067
Telephone: 310.772.7218
Fax No.: 213.652.0573

SIMERDIP KHANGURA, Bar No. 272525
skhangura@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
Telephone: (916) 830-7200
Facsimile: (916) 561-0828

Attorneys for Defendant MEDLINE INDUSTRIES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES RILEY,<br><br>    Plaintiff,<br><br>vs.<br><br>MEDLINE INDUSTRIES, INC.; and DOES 1-10 inclusive,<br><br>    Defendants. | Case No.:  2:18-cv-02626 TLN JDP<br><br>**STIPULATION AND ORDER FOR COURT APPROVAL OF DISMISSAL** |

STIPULATION AND ORDER TO DISMISS PLAINTIFF'S COMPLAINT – Page 1 of 4

Plaintiff Charles Riley ("Plaintiff") and Defendant Medline Industries, Inc. ("Defendant"), (collectively, the "Parties") by and through their counsel, hereby stipulate and agree as follows:

WHEREAS, on September 25, 2018, Plaintiff filed the instant action against Defendant alleging class, collective, and representative claims premised on alleged unpaid overtime, pleading the following claims for relief: (1) Failure to Pay Overtime; (2) Failure to Pay All Wages Due Upon Cessation of Employment; (3) Failure to Furnish Accurate Itemized Wage Statements; (4) Violation of Business and Professions Code section 17200; and (5) Private Attorneys General Act ("PAGA") (Doc. #1);

WHEREAS, Defendant filed a Motion to Compel Arbitration and Stay Proceedings (Doc. #6, "Motion") on October 17, 2018, seeking to compel Plaintiff to arbitrate his claims on an individual basis, to strike Plaintiff's class, collective, and representative allegations and to dismiss the action, or in the alternative to compel arbitration of Plaintiff's individual claims, strike the class and collective allegations, and stay Plaintiff's representative PAGA claims.

WHEREAS, on September 30, 2020, pursuant to the stipulation of the Parties, the Court dismissed Plaintiff's PAGA claim (the fifth claim for relief in the Complaint);

WHEREAS, on October 6, 2020, the Court granted Defendant's Motion to Compel Arbitration;

WHEREAS, Plaintiff has entered into an agreement with Defendant to resolve the remaining claims in his Complaint on an individual basis;

WHEREAS, the settlement between Plaintiff and Defendant does not contemplate the waiver of any claims by anyone other than Plaintiff and does not provide for the waiver of class and/or collective claims Plaintiff asserted on behalf of any other individuals;

WHEREAS, Rule 23(e) of the Federal Rules of Civil Procedure permits voluntary dismissal of the putative class action allegations and dismissal of the named plaintiff's claims prior to certification of a class action without Court approval or notice to the putative class;[1]

---

[1] Rule 23(e) states that "[t]he claims, issues, or defenses **of a certified class** may be settled, voluntarily dismissed, or compromised only with the court's approval. *See Fed Rules Civ. Proc., Rule 23(e)* (emphasis added). The 2003 Committee Notes to revisions to Rule 23(e) make clear that Court approval is **not** required for settlements which seek to resolve only the named representative's individual claims when sought prior to certification of a class:

STIPULATION AND ORDER TO DISMISS PLAINTIFF'S COMPLAINT – Page 2 of 4

WHEREAS, dismissal of this action will not impair the claims of putative class or collective members, if any, because the action has not been certified as a class action;

WHEREAS, notice to the proposed class is not warranted in this case, as the action has not been certified as a class or collective action;

THEREFORE, it is hereby stipulated and agreed that:

(1) Plaintiff's individual claims be dismissed with prejudice;

(2) Plaintiff's class and collective claims be dismissed without prejudice; and

(3) The Parties agree to bear their own costs and attorneys' fees with respect to the dismissed claims.

**SO STIPULATED.**

DATED: 12/1/2020        **MAYALL HURLEY P.C.**

By/s/ *VLADIMIR J. KOZINA  (As authorized on 12/1/2020)*
ROBERT J. WASSERMAN
VLADIMIR J. KOZINA
Attorneys for Plaintiff and the Putative Class

DATED:  12/4/2020        **LITTLER MENDLESON, P.C.**

By/s/ *SIMERDIP KHANGURA*
STEVEN A. GROODE
SIMERDIP KHANGURA
Attorneys for Defendant

---

Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action."  That language could be -- and at times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims.  See Manual for Complex Litigation Third, § 30.41.  The new rule requires approval only if the claims, issues, or defenses **of a certified class** are resolved by a settlement, voluntary dismissal, or compromise.

*See Fed Rules Civ. Proc., Rule 23(e)(1), Committee Note of 2003* (emphasis added); *see also Bender Practice Guide: Fed Pretrial Civ. Proc. in CA*, at 20.41 ("Rule 23 requires court approval of a voluntary dismissal or settlement with notice to the class members, but the requirement of court approval applies **only after certification** of the action as a class action [see Fed R Civ P 23(e)(1)].  Before certification, plaintiffs may settle or dismiss their individual claims as in an individual action [see Fed R Civ P 23(e)(1), Committee Note of 2003].  Similarly, the plaintiffs may amend the complaint to delete the class allegations and proceed as in an individual suit [see Fed R Civ P 15].") (parentheticals in original).

STIPULATION AND ORDER TO DISMISS PLAINTIFF'S COMPLAINT – Page 3 of 4

**ORDER**

The Parties having so stipulated, and GOOD CAUSE appearing, the Court ORDERS:

(1) Plaintiff's individual claims are dismissed with prejudice;

(2) Plaintiff's class and collective claims are dismissed without prejudice; and

(3) The Parties agree to bear their own costs and attorneys' fees with respect to the dismissed claims.

**IT IS SO ORDERED.**

DATED: December 4, 2020

_____
Troy L. Nunley
United States District Judge